UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV-112-R


PHYLLIS BRYANT, as
Administratrix of the Estate of Daniel Bryant,                                        PLAINTIFF

v.

BENTON ELECTRIC SYSTEM,
CITY OF BENTON, BENTON ELECTRIC PLANT BOARD,
TENNESSEE VALLEY AUTHORITY, M & M CONSTRUCTION, INC.,
MURRAY RILEY CONSTRUCTION, and
THOMASSON LUMBER COMPANY,                                        DEFENDANTS


## OPINION

Defendants Benton Electric System and Benton Electric Plant Board have filed a motion to dismiss or stay (Dkt. # 6).  Plaintiff responded (Dkt. # 13), and this matter is now ripe for decision.  For the reasons given below, Defendants' motion is **DENIED**.

## ANALYSIS

Defendants Benton Electric System ("Electric System") and the Benton Electric Plant Board ("Board") have filed a motion to dismiss and/or stay the case on two separate grounds: first, they assert that the Board is not an entity subject to suit, and second, they assert that, as to them, the Plaintiff has impermissibly filed two lawsuits arising out of the same set of facts.  The Court will address each issue separately.

As to the issue of whether the Board may be sued as an entity separate from the Electric System, KRS 96.740 governs the circumstances under which municipalities in Kentucky can own and operate electric plants.  That provision states, in pertinent part:

1

> ...the mayor or chief executive of any municipality may, with the approval of the governing body of the municipality, appoint a board of public utilities ...  The board ... shall be and hereby is declared to be a body politic and corporate, with perpetual succession; and may contract and be contracted with, sue and be sued, in and by its corporate name, and have and use a corporate seal. The name of the board shall be "Electric Plant Board of the City of ....." (The name of the municipality to be inserted.)

KRS 96.740(1).  Defendants, citing the same language, argue that the "corporate name" in the statute refers to the name of the electric plant, not the name of the Board.  However, the plain language of the statute indicates that the term "corporate name" refers to the name of the board created in conformity with the requirements of the statute, especially since the name is specified in the next sentence of the statute.  Therefore, the Board is a corporate entity which, pursuant to the statute under which it was created, is subject to suit under its name, "Electric Plant Board of the City of Benton."

Defendants also argue that the case ought to be dismissed or stayed on the basis of the fact that there is another state court action currently pending against them.  It is the Court's understanding that Plaintiffs have agreed to dismiss the earlier-filed action, which does not include all the parties to this action.  Likewise, the state court action which omits most of the defendants is still in the preliminary stages.  A motion for summary judgment has been filed, but the state court has delayed ruling on the motion to allow the parties to conduct discovery.  Judicial economy and the policy of avoiding piecemeal litigation weigh in favor of all parties being in one action.  Therefore, Defendants' Motion to Dismiss on the basis of the duplicative suits is **DENIED**, with leave to refile if Plaintiffs fail to dismiss the earlier action within thirty (30) days.

**IT IS SO ORDERED.**

2